NATIONAL CITIZENS BANK OF MANKATO v. GEORGE A. McKINLEY and Others.[1]

June 3, 1910.

Nos. 16,600—(97).

**Removing default — granting new trial.**
> The trial court did not abuse its discretion in relieving the respondent from default and permitting him to renew his motion for a new trial, nor did it err in granting a new trial.

Action in the district court for Blue Earth county against George A. McKinley, C. N. Sonnesyn and Brainerd Lumber & Mercantile Company to recover possession of certain lumber, or $6,000, the value thereof. The case was tried before Pfau, J., and a jury which returned a verdict in favor of plaintiff for $3,575. The facts are stated in the opinion. From an order granting defendant Sonnesyn's motion for an order opening and removing his default upon the motion for a new trial made by defendants McKinley and the Brainerd

[1]Reported in 126 N. W. 526.

Lumber & Mercantile Company, and permitting him to join in said motion and granting him a new trial, plaintiff appealed. Affirmed.

*C. J. Laurisch* and *A. R. Pfau, Jr.,* for appellant.

*H. L. & J. W. Schmitt,* for respondent.

START, C. J.

This action was brought in the district court of the county of Blue Earth to recover from the defendants the lumber described in the complaint, or its value. The defendants all appeared and answered jointly by the same attorney. The answer was, in effect, a general denial. A verdict was returned against all of the defendants in favor of the plaintiff, to the effect that it was the owner and entitled to the possession of the lumber, and that it was of the aggregate value of $3,575. The defendants' attorney then prepared and served motion papers on behalf of all of them for a new trial, based upon a settled case and assignments of error. The evidence as to the further proceedings on the motion was in the form of affidavits, and was conflicting. There was, however, evidence, if satisfactory to the trial judge, tending to show the facts following:

A misunderstanding arose at the time the motion was set for hearing between the defendant Sonnesyn, hereafter referred to as the respondent, and his codefendants and their attorney, as to the payment by Sonnesyn of his alleged share of the costs and fees already incurred, which resulted in the striking from the motion papers the name of the respondent, who stated to the court that he had no attorney, and at his request, and to enable him to secure other counsel, the hearing on the motion for a new trial was continued to January 27, 1909. In the meantime judgment was entered against him on the verdict. The misunderstanding, however, was thereafter adjusted, and it was agreed that the attorney who had represented all of the defendants on the trial should also represent the respondent on the motion for a new trial on the day to which the hearing had been adjourned. Thereupon such attorney on the hearing of the motion on the adjourned day orally moved the court that the respondent be permitted to join in the motion of his codefendants for a new trial, to which no objection was made by counsel represent-

ing the plaintiff on such hearing; but the record does not disclose any action at the time on the oral motion by the court. The respondent's attorney then understood and believed that it was not necessary to put such motion in writing, or to support it by other affidavits; that the motion for a new trial was to be heard and determined as if the name of the respondent had never been stricken from the original moving papers. He was not advised to the contrary until the filing of the court's decision.

On May 3, 1909, the court made an order granting a new trial as to the defendants McKinley and the Brainerd Lumber & Mercantile Company, and in a separate order of the same date the court denied the respondent's motion for a new trial for the reason, as stated in the order: "There are no moving papers in this proceeding, nor affidavits or other matters upon which such motion is based, and the same was made orally in court."

Thereafter the respondent made a motion to set aside the judgment which had been entered against him, and for an order opening his default on the hearing of the original motion, and permitting him to join in such motion, and that he also be granted a new trial upon the grounds and assignments of error set forth in the original motion. The respondent's motion was heard by the court on July 19, 1909, and on September 20 following it made its order denying so much of the motion as sought a vacation of the judgment, and directing that it stand as security for the payment of any amount the plaintiff might ultimately recover against the respondent on a new trial, and granting the other relief prayed for. The order does not disclose the grounds upon which a new trial was granted.

The plaintiff appealed from the part of the order designated in its notice of appeal, which was to the effect following: Please take notice that the plaintiff appeals from an order of the district court entered herein on the said 20th day of September, 1909, whereby the court granted the defendant Sonnesyn's motion for an order opening and removing his default upon the motion for a new trial made by his codefendants, and permitting him to join in their motion, and granting him a new trial of the action.

It is apparent that the effect of the order appealed from was to place the respondent in the same position, except that the plaintiff has a judgment against him as security, as he would have been if his name had not been stricken from the original motion, or if the trial court had expressly granted his oral motion to be permitted again to join with his codefendants in the motion for a new trial. Therefore, although the order, in so far as it granted a new trial, is not strictly a discretionary one, the pivotal question is whether the trial court erred in relieving the respondent and permitting him to renew the original motion; for, if it did not, then the record, taken as a whole, justifies the granting of a new trial. The question, then, is whether the trial court abused its discretion in relieving the respondent from his default and permitting him to renew the original motion as to himself.

It may be conceded that, if the relief had been denied, it would not have been an abuse of discretion, in view of the showing made by the plaintiff and the evidence given on the trial. It does not necessarily follow from this that the showing made by the respondent was not sufficient to call upon the court for the exercise of any fair discretion; hence the order was an abuse of judicial discretion, as it is earnestly urged on behalf of the plaintiff. On the contrary, we are of the opinion that the facts which the respondent's evidence tended to show fairly justify the conclusion that the default of the respondent and his attorney to put in writing the motion to be permitted to join in his codefendants' motion for a new trial was excusable neglect, resulting in his prejudice. His attorney may have well understood, from the lack of objection on the part of the plaintiff and the silence of the court, that his oral motion was taken as granted, and that the original motion for a new trial was made on behalf of respondent, as well as his codefendants, for whom he also appeared. We accordingly hold that the court did not abuse its discretion in relieving the respondent from his default, nor was it error to grant his motion for a new trial.

Order affirmed.